PER CURIAM.
Defendant Thomas Goldberg was charged by bill of information with aggravated crime against nature, in violation of R.S. 14:89.1.* On May 16, 1979, he was tried *1271 before a twelve person jury on a plea of not guilty and not guilty by reason of insanity; the jury found him guilty as charged. Thereafter the court sentenced defendant to serve seven years at hard labor.
On appeal he presents three arguments in support of four of the assignments of error filed below, and the additional contention that his trial court counsel rendered ineffective assistance by virtue of his failure to file a pre-trial motion to suppress the identification.
Each of his contentions is without merit. The trial court’s determination that defendant was competent to stand trial was not erroneous. The trial court’s appointment of a single physician to inquire into defendant’s capacity to stand trial does not constitute the appointment of a sanity commission (See C.Cr.P. art. 644). However, since defense counsel did not object but rather submitted the issue on the basis of the one doctor’s opinion and certain lay testimony, defendant’s complaint cannot now be urged. No prejudice to defendant is shown by the state’s apparently having lost all line-up photographs but that of defendant, and the complaint of ineffective counsel is best preserved for consideration by application for writs of habeas corpus.

Decree

Defendant’s conviction and sentence are therefore affirmed.
AFFIRMED.

 The victim of the crime, a four year old male, Christopher, was daily left in the care of a baby-sitter while his mother went to work. On February 19, 1979, as Christopher’s mother was dressing him to take him to the sitter’s house, the child admonished her, “Now mama, don’t you suck my BB [penis] like that man did.” Shocked, Christopher’s mother asked what he meant. Christopher related that two days earlier, a man had come up to Christopher while he was playing with David, the sitter’s son, in her backyard, and had led him into a utility shed, where he pulled down Christopher’s pants and put his mouth over the boy’s penis. After hearing Christopher’s story, his mother called the police.
Sheriff’s deputies brought Christopher to the sitter’s house, where he repeated his story, pointing out both the shed in which the crime had taken place and the house in which his *1271 assailant lived. Aided by young David, Christopher recalled that the man’s name was Tommy. Finding that defendant Thomas Goldberg resided with his parents in the house indicated by Christopher, the officers obtained a photograph of defendant and displayed it to the boy with several other photographs. Christopher identified defendant from the line-up and at trial.